IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,

vs.

JAMES EDWARD ADAMIC,

    Movant.

No. CR S-02-0430 FCD GGH P

ORDER

Introduction/Respondent's Motion

    By order filed on September 27, 2005, this court ordered movant to show cause why respondent's motion for an order finding that movant has waived his attorney-client privilege with his various defense counsel: Caro Marks, Matthew Bockmon, and Jan Karowsky, should not be granted. Respondent sought an order finding movant/petitioner's waiver of the attorney- client privilege with respect to work his defense counsel did for him before and during his change of plea and during the sentencing phase of his case, as well as with respect to any and all communications between each counsel and movant related "to the plea agreement, the factual basis, defendant's preparation and any advisements concerning his entry of plea and sentencing, the presentence report, defenses, discovery, the evidence, witness statements, pretrial and presentencing research and investigation, departures and reasons for departures, and defendant's

1

exposure to prison time had he chosen to proceed to trial." <u>See</u> respondent's motion and proposed order, filed on September 20, 2005.

In his October 6, 2005 response, movant does not object per se to a finding that he has waived his attorney-client privilege with respect to the claims that he has raised of ineffective assistance of counsel, but seeks a protective order to preclude the disclosure of any material which could be used by respondent in any subsequent prosecution. Movant asks for a protective order limiting disclosure of any privileged material to information directly related to the issues he has raised. Response, pp. 2-3. He also asks that a protective order issue directing that the disclosed materials be used only in the litigation of movant's § 2255 motion and no other proceedings and that the information remain privileged with respect to "outside parties, " citing, inter alia, <u>U.S. v. Amlani</u>, 169 F.3d 1189 (9th Cir. 1999).[1] Response, p. 4. He proposes that he be allowed to review any material sought prior to its disclosure, after which he may choose to abandon particular ineffective assistance of counsel (IAC) claims rather than release the material. Response, p. 3.

Respondent protests that no further prosecution is contemplated or anticipated by the government, that some of the disclosures sought from movant's defense counsel are not likely subject to privilege, such as what counsel did for movant and how much time was spent explaining issues to him; that respondent is not seeking any documents but rather "simply needs to ask defendant's counsel to respond to the specific allegations of neglect he attributes to his attorneys," and that movant should not be allowed the pre-approval process he seeks. Reply, pp. 2-3. Respondent contends that movant's defense counsel will have his § 2255 motion/petition before them, from which they can become familiar with movant's claims, and if they believe that any question of respondent's does not center on an issue movant has raised, they can object, and

---

[1] In <u>U.S. v. Amlani</u>, 169 F.3d 1189, 1196 (9th Cir. 1999), the Ninth Circuit, ascribed no error to the district court's finding a waiver of attorney-client privilege therein, suggesting, however, that the district court would conduct an in camera review of privileged documents prior to disclosure.

the issue can be litigated in this court.  Reply, p. 4.

Section 2255 Motion

In his 28 U.S.C. § 2255 motion, movant moves to vacate, set aside or correct his federal court sentence for his conviction on August 18, 2003 under 18 U.S.C. § 2252(a)(4)(B), for possession of images depicting minors engaged in sexually explicit conduct, for which he was sentenced to 60 months imprisonment on April 5, 2004.  See § 2255 motion, p. 2.  He also seeks to have the order of forfeiture, pursuant to 18 U.S.C. 2253, vacated as well.  Id., at 2, 14.  Upon entering a guilty plea, six counts of receiving images depicting minors engaged in sexually explicit conduct were dismissed.  § 2255 motion, p. 2.

Movant raises as grounds for his motion: 1) ineffective assistance of counsel; 2) guilty plea and waiver of right to collaterally attack his sentence were not knowing and voluntary; 3) sentence was based on materially false information; 4) the government violated Brady v. Maryland, 373 U.S. 83, 87,  83 S. Ct. 1194, 1196-1197 (1963), when it failed to disclose material exculpatory or mitigating evidence; 5) the government breached the plea agreement by failing to recommend a two-level adjustment for "acceptance of responsibility." Section 2255 motion, pp. 5-9, unnumbered p. 15.  Respondent's pending motion is directed primarily to ground one, wherein movant alleges, inter alia, that:

> Counsel drafted a plea agreement containing an admission, undisclosed to him, that he distributed child porn.  This agreement was drafted by counsel without knowledge of contemporary case law having a critical effect on his case and with a stipulation to sentencing via an improper guideline for the conduct admitted.  Counsel failed to seek critical evidence that was exculpatory or mitigating.  Counsel failed to object to an enhancement for possessing "depictions of violence," in conflict with existing case law limiting the ambit of such.  Counsel failed to investigate adequately an allegation he sexually abused a minor.  Counsel failed to seek expert opinions on disputed elements of the evidence and failed to seek viable downward departures.

Section 2255 Motion, p. 5.

Movant identifies Caro Marks, Matt Bockman and Dan Broderick of the Federal

Defender's Office as his counsel at his arraignment and plea, and Jan David Karowsky as his counsel at sentencing. Id., p. 11.[2]

Discussion

In his § 2255 motion, movant has challenged almost every aspect of his representation by defense counsel leading to his guilty plea and the sentence imposed. Movant expressly states in his response to respondent's motion that he was aware that his IAC claims would involve a waiver of the attorney-client privilege. Petitioner's [movant's] response, p. 2. Movant seeks, as noted, to preclude respondent from "unfettered" access to material otherwise unavailable to respondent which might lead to further prosecution. Id. Respondent and movant are correct that as to movant's specific claims of ineffective assistance of counsel, he has waived the attorney-client privilege.

> It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer. See, e.g., Wharton v. Calderon, 127 F.3d 1201, 1203 (9th Cir.1997); Tasby v. United States, 504 F.2d 332, 336 (8th Cir.1974); Laughner v. United States, 373 F.2d 326, 327 (5th Cir.1967).

Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003).

That the waiver of the privilege may be either express or implied has been long recognized. Tasby v. U.S., 504 F.2d 332, 336 (8th Cir. 1974)(citing Blackburn v. Crawfords, 70 U.S. (3 Wall.) 175, 194, 18 L. Ed. 186 (1865)).

> One of the circumstances which may support a conclusion of a waiver is an attack by the client upon his attorney's conduct which calls into question the substance of their communications. A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence.

Tasby, supra, at 336.

---

[2] He also names, as his counsel on direct appeal, John Balasz.

4

While this circuit has generally held that to waive the attorney-client privilege requires that a client disclose the contents of a confidential communication, the Ninth Circuit has found that other circumstances warrant the finding of a waiver:

> Even when a party does not explicitly disclose the content of an attorney-client communication, he may waive the privilege implicitly. A person cannot always claim that he relied on counsel, while protecting what was said between them from disclosure. As we have said: "The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which *in fairness* requires disclosure of the protected communication, the privilege may be implicitly waived." Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir.1992)(emphasis added) (citation omitted); see also Glenmede Trust Co. v. Thompson, 56 F.3d 476, 486 (3d Cir.1995); Conkling v. Turner, 883 F.2d 431, 434 (5th Cir.1989); GAB Bus. Servs., Inc. v. Syndicate 627, 809 F.2d 755, 762 (11th Cir.1987); Sedco Int'l, S.A. v. Cory, 683 F.2d 1201, 1206 (8th Cir.1982).

U.S. v. Ortland, 109 F.3d 539, 543 (9th Cir. 1997).

Since movant, himself, concedes that he has waived the privilege by raising the IAC claims, the question becomes one of scope. See Bittaker v. Woodford, supra, at 716-717 ("The question presented to us is the *scope* of the habeas petitioner's waiver: Does it extend only to litigation of the federal habeas petition, or is the attorney-client privilege waived for all time and all purposes--including the possible retrial of the petitioner, should he succeed in setting aside his original conviction or sentence?" [Emphasis in original]).

In Bittaker, a case involving a state court habeas petitioner, the Ninth Circuit sets forth that in the implied waiver context, there are "three important implications," the first requiring that the court "impose a waiver no broader than needed to ensure ...fairness...." to the opposing party. Bittaker v. Woodford, 331 F.3d at 720. Second, the privilege holder, i.e., movant in this case, "may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." Id. Last, once a party has complied with the court's order and turned over privileged material, the party "is entitled to rely on the contours of the waiver the court imposes, so that it will not be unfairly surprised in the

future by learning that it actually waived more than it bargained for in pressing its claims." Id.

In this case movant has alleged ineffective assistance of counsel with respect to, inter alia, the number of images of child pornography of which he was in possession; the basis of his plea agreement, as well as the terms of his plea agreement, such as the allegation of distribution, and disclosure of those terms to him; aspects of the presentencing report; lack of investigation of the allegations of his now-adult niece who claimed to have been molested by movant as a minor; lack of adequate legal research. Movant implicates the actions (and alleged omissions) of his defense counsel from virtually the outset of his counsel's representation, including prior to and upon the entry of his plea through his sentencing, wherein it is his claim that he was wrongly sentenced for distribution and that an improper guideline was applied.

The court will grant respondent's request for a finding of a waiver of privilege, a request to which movant does not pose an objection. In light of the breadth of movant's claims of ineffective assistance of counsel, the court does not find the contours of respondent's request to be overbroad. However, movant's concern as to the uses to which any disclosures of privileged information may be put is legitimate, and the court will order that respondent be subject to provisions of this protective order as set forth below.

If movant, as an additional cautionary step wishes to abandon any of his IAC claims, he must specify any such abandoned claims within ten (10) days. Otherwise, movant will be deemed to have elected to proceed on his claims as set forth in his pending motion/petition, and respondent may proceed in accordance with the provisions of this order.

Accordingly, IT IS ORDERED that:

1. Movant must identify and inform the court and respondent of any claims of ineffective assistance of counsel he wishes to abandon within ten (10) days; if he elects not to do so then respondent may proceed as set forth hereafter;

2. Respondent's September 20, 2005 motion for a finding of waiver of the attorney-client privilege by movant is granted as to the work movant's defense counsel, Caro

6

Marks, Matthew Bockmon, and Jan Karowsky did before and during his change of plea and during the sentencing phase of his case, which relate to movant's claims of ineffective assistance of counsel in his pending 28 U.S.C. § 2255 motion to vacate his sentence, subject to the terms of this protective order, as set forth in 4 through 6 below;

3. Respondent may seek from Caro Marks, Matthew Bockmon, and Jan Karowsky, any and all communications between each counsel and movant related to the plea agreement, the factual basis, defendant's preparation and any advisements concerning his entry of plea and sentencing, the presentence report, defenses, discovery, the evidence, witness statements, pretrial and presentencing research and investigation, departures and reasons for departures, and defendant's exposure to prison time had he chosen to proceed to trial, subject to the following provisions;

4. Respondent shall limit its use of any written or oral communication, any documents or other material derived from movant's defense counsel, and the information contained therein, to rebuttal of movant's/petitioner's 28 U.S.C. § 2255 (i.e., habeas corpus) claims;

5. Respondent shall not use the written or oral communications, documents or other material, or the information contained therein, against movant in any manner during any future proceeding, including any possible trial; and

6. Respondent shall treat the written or oral communications, documents or other material, and the information contained therein, as confidential and not disseminate any such material or disclose the contents thereof other than in the course of its litigation of this habeas corpus proceeding.

DATED:  11/21/05                                           /s/ Gregory G. Hollows

                                                                         GREGORY G. HOLLOWS
                                                                         UNITED STATES MAGISTRATE JUDGE

GGH:009
adam0430.ac