IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                                 No. CR S-02-0430 FCD GGH P

    vs.

JAMES EDWARD ADAMIC,

    Movant.                                      <u>ORDER</u>

_____/

        Movant James Adamic has requested, for a second time, to be released pending adjudication of his 28 U.S.C. § 2255 motion.  The merits of the § 2255 motion are under active review at this time.

        Justice Douglas of the Supreme Court wrote on the standards which should be used in reviewing requests for release on bail pending adjudication of a habeas corpus action.

> This applicant is incarcerated because he has been tried, convicted, and sentenced by a court of law. He now attacks his conviction in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt. Cf. <u>Yanish v. Barber</u>, 73 S.Ct. 1105, 97 L.Ed. 1637 (1953). In this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of

1

> special treatment in the interests of justice. See Benson v. California, 328 F.2d 159 (C.A.9th Cir. 1964). The papers before me on this application indicate the existence of no such circumstance.

Aronson v. May, 85 S. Ct. 3, 5 (1964).

The Ninth Circuit has cited Aronson, but made the test a disjunctive one instead of the conjunctive test set forth in Aronson: "Bail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success. See Aronson v. May, 85 S. Ct. 3, 5, 13 L.Ed.2d 6 (1964)." Land v. Deeds 878 F.2d 318, 319 (9th Cir. 1989).

Whether disjunctive or conjunctive, movant has not satisfied either prong. No extraordinary circumstances exist outside of the merits of the case, and when viewing the merits, it is very likely that the motion will be dismissed because of the waiver of collateral attack on guilt and sentence entered into by movant during his criminal proceedings. The request for bail pending adjudication of the § 2255 motion is denied.

Findings and recommendations on the merits of the motion will be issued shortly.

DATED: 8/22/06

/s/ Gregory G. Hollows
───────────────────────────
UNITED STATES MAGISTRATE JUDGE

adam0430.ord