IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                          No. CR S-02-0430 FCD GGH P

    vs.

JAMES EDWARD ADAMIC,

    Movant.                              FINDINGS & RECOMMENDATIONS

_____/

*Introduction and Summary*

        In his 28 U.S.C. § 2255 motion, James Edward Adamic ("Adamic") seeks to overturn his guilty verdict and sentence, entered pursuant to plea agreement, involving one count of receiving images depicting minors engaged in sexually explicit conduct. Judgment was entered on April 12, 2004. Despite the plea agreement's provision waiving any direct review or collateral attack, Adamic appealed his conviction. The appeal was dismissed on July 27, 2005 on the basis of a valid appeal waiver.

        Adamic's § 2255 motion should be dismissed as well on that basis. The allegations of involuntariness and lack of knowledge concerning the plea agreement are so

\\\\\

\\\\\

1

1 palpably meritless given the record in this case that no evidentiary hearing is required; the motion
2 should be dismissed on its face.[1]

*Facts*

The facts of the underlying case are irrelevant to the issues here. Moreover, the specific claims of error with respect to the guilty plea and sentence are irrelevant except to the extent that Adamic alleges that ineffective assistance of counsel precluded a knowing and voluntary plea, or plea agreement.

Negotiations leading up to an agreed upon plea agreement were extensive. According to the government, two prior plea deals had been rejected by Adamic. See Government's Brief at 30 n.28. Adamic finally agreed to plead guilty in return for a plea to Count 1 of the superseding indictment (a possession count) for which Adamic could be sentenced to a maximum five year term. The government would dismiss all receipt counts except that receipt and distribution were open issues for purpose of sentencing, and Adamic stipulated to being sentenced under the receipt/distribution guideline. The plea agreement contained a provision precluding Adamic from seeking any review of his plea and sentence:

> **B. Waiver of Appeal and Collateral Attack :** The defendant understands that the law gives him a right to appeal his conviction and sentence. ADAMIC agrees to waive all rights to appeal his guilty plea and the sufficiency of the evidence against him, pursuant to 18 U.S.C. § 3742. 28 U.S.C. §§ 2255 and 2241. Further, in return for the government's pledge to move to dismiss counts 2 through 7, which allege receipt of child pornography, ADAMIC agrees to waive all rights to appeal his sentence and to attack collaterally his sentence, pursuant to 18 U.S.C. § 3742, 28 U.S.C. §§ 2255 and 2241, even if he is sentenced to the statutory maximum sentence of five years in prison.

E.R.[2] 16.

---

[1] As seen below, the Ninth Circuit rejected Adamic's appeal because of a valid appeal waiver. However, such a ruling on direct appeal cannot be viewed as law of the case. See United States v. Jeronimo, 398 F.3d 1149, 1156 (n.4) (9th Cir. 2005).

[2] The court will utilize the "E.R." citing method used in conjunction with the exhibits filed with the government's motion to dismiss. The court will explain the E.R. cite in terms of the identification of the document where necessary.

Adamic, who had three years of college education, and had been a longtime deputy sheriff in his employment, signed the plea agreement acknowledging:

> I, James Adamic, have consulted with my attorney and I fully understand all my rights....*I have read this plea agreement and I have carefully reviewed every part of it with my attorney....I understand this plea agreement, and I voluntarily and willfully agree to its terms*.  I understand there are no other terms or oral agreements....Finally, I am satisfied with the representation of my attorney in this case.

E.R.19. (Emphasis added)

At his plea hearing, the Honorable Frank Damrell, confirmed that Adamic was "fully satisfied with the advice given [him] in this matter by [Ms.] Marks." E.R. 31.  The terms of the plea agreement, which he had already reviewed and signed were reiterated in court, including:

> Mr. Adamic waives his right to appeal and collaterally attack his guilty plea and the sufficiency of the evidence, and his sentence, even if the Court sentences him to the statutory maximum of five years.

E.R. 33.

Adamic acknowledged that his waiver was an essential term of the plea agreement.  E.R. 33.

The court *again* confirmed the waiver:

> The Court: Do you also understand that by entering a plea of guilty in this case, you will have waived or given up your right to collaterally attack or appeal the sentence itself and the plea as well?
>
> The Defendant: *I understand that, Your Honor.*

E.R. 36.  (Emphasis added).

Despite his waiver of appeal, Adamic filed an appeal.  In an unpublished decision, the appeal was dismissed on July 27, 2005: "We dismiss in light of the valid appeal waiver."

*Discussion*

A plea agreement waiving the right to bring a § 2255 motion is enforceable, but for claims alleging involuntariness of the plea.  See United States v. Pruitt, 32 F.3d 431, 432 (9th Cir. 1994) (claims of ineffective assistance of counsel based on counsel's erroneously

3

unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain not barred by § 2255 waiver); U.S. v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).  While ineffective assistance of counsel with respect to the plea bargaining itself may void a collateral attack waiver, see U.S. v. Jeronimo, 398 F.3d 1149, 1156 (n.4) (9th Cir. 2005), the Ninth Circuit has rejected the idea that a defendant can bring in through the back door of ineffective assistance the substantive claims he has waived in the plea agreement.  United States v. Nguyen, 235 F.3d 1179, 1183-84 (9th Cir.2000) noting that a: "challenge to the knowingness and voluntariness of his waiver [on the ground] that his trial counsel 'erroneously advised him that under the law his position that he was not liable or responsible ... was incorrect,' and holding that the defendant's attempt to make an end-run around his waiver by repackaging substantive challenges to his conviction as going to the voluntariness of his plea would render the waiver a nullity".  See also Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) permitting an attack on a plea agreement precluding a federal habeas petition on the basis of the voluntariness of the waiver itself.

These holdings only make sense in that *even without a waiver of appeal or a § 2255 motion*, allegations of ineffective assistance of counsel directly unrelated to the plea do not stand as grounds to overturn the plea.  United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam) (holding that pre-plea ineffective assistance of counsel claims are also waived).  If pre-plea ineffectiveness other than related to the voluntariness/intelligence of the plea itself, e.g., failure to investigate, failure to properly research cannot overcome an otherwise validly taken guilty plea, it would be nonsensical to hold that such allegations could overcome a valid plea *and* a waiver of appeal/§ 2255 motion.

Exceptions to enforcement of the waiver other than ineffective assistance of counsel directly relevant to the plea bargain process exist.  One such exception of potential applicability here would be a viable Brady claim in which material information pointing to exoneration or substantial impeachment of a government witness was withheld from the defense.

4

If a valid Brady claim can void the voluntariness and intelligence of a plea, it can also do so for a waiver of appeal/2255 motion.  See Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995).

      Because a § 2255 motion is sustainable to mount an attack on the voluntariness/intelligence of the waiver, it stands to reason that an evidentiary hearing to determine the necessary facts may be also sustainable.  However, there are limits to the necessity of an evidentiary hearing, and one of those limits occurs where the allegations in the petition are palpably meritless, Watts v. United States, 841 F.2d 275, 276 (9th Cir. 1988), or otherwise legally unsustainable.  In the context of a waiver of post-conviction review, the recent case of U.S. v. Lemaster, 403 F.3d 216 (4th Cir. 2005), citing numerous cases, is very instructive, and the undersigned quotes from it at length:

> When deciding whether an evidentiary hearing is necessary to resolve a § 2255 motion contesting a guilty plea, first "a court must determine 'whether the petitioner's allegations, when viewed against the record of the Rule 11 plea hearing, were so palpably incredible, so patently frivolous or false as to warrant summary dismissal.'" United States v. White, 366 F.3d 291, 296 (4th Cir.2004) (quoting Blackledge v. Allison, 431 U.S. 63, 76, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (alterations omitted)). "Only if a petitioner's allegations can be so characterized can they be summarily dismissed." Id. at 296-97. [FN3 omitted]]
>
> "[A] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity,'" id. at 295 (quoting Blackledge, 431 U.S. at 74, 97 S.Ct. 1621), because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. United States v. Bowman, 348 F.3d 408, 417 (4th Cir.2003). "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.'" White, 366 F.3d at 295-96 (quoting Blackledge, 431 U.S. at 74, 97 S.Ct. 1621). Thus, in the absence of extraordinary circumstances, see id. at 300 (holding that admittedly ineffective representation, which the Government conceded rendered the guilty plea involuntary, was "the type of 'extraordinary circumstance [ ]' that warrant[ed] an evidentiary hearing" to determine whether the prosecutor orally agreed that the defendant could plead guilty conditionally); Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973) (holding that the district court should have held an evidentiary hearing when the petitioner introduced

documentary evidence supporting his claim that he was severely ill, both physically and mentally, and uncounselled at the time of his Rule 11 colloquy), allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." See Crawford v. United States, 519 F.2d 347, 350 (4th Cir.1975) (holding that "the district court was not required to conduct an evidentiary exploration of the truth of an allegation in a § 2255 motion which amounted to no more than a bare contradiction of statements made by [the petitioner] when he pleaded guilty"), partially overruled on other grounds by United States v. Whitley, 759 F.2d 327 (4th Cir.1985) (en banc); Lasiter v. Thomas, 89 F.3d 699, 702-03 (10th Cir.1996) ("[The petitioner] [i]s bound by his solemn declarations in open court and his unsubstantiated efforts to refute that record [a]re not sufficient to require a hearing. This case does not involve the most extraordinary circumstances.") (internal quotation marks omitted); Ouellette v. United States, 862 F.2d 371, 377-78 (1st Cir.1988) (holding that an evidentiary hearing is not required when a petitioner's uncorroborated allegations are directly contradicted by his testimony at the time of his plea colloquy); see also Bowman, 348 F.3d at 417 ("[W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process."). Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated–"permit[ting] quick disposition of baseless collateral attacks," Blackledge, 431 U.S. at 79 n. 19, 97 S.Ct. 1621 (1977).

United States v.Lemaster, 403 F.3d at 220-222 (emphasis added).

Accordingly, the court now considers whether any of movant's claims are not barred by the waiver. Adamic bases his § 2255 motion on several grounds. The first, ineffective assistance of counsel, generally alleges that his counsel was deficient in many pre-trial particulars all but one of which clearly focuses upon matters not dealing with the voluntariness/intelligence of the plea and plea agreement. The only particular of his claim even suggesting ineffective assistance in connection with the voluntariness/intelligence of the plea agreement, including its waiver provisions, is that the plea agreement contained an admission "undisclosed to him" that he distributed child porn. First it is oxymoronic that petitioner alleges that he can now find in the

plea agreement, which he stated he reviewed and read, an "undisclosed" provision. Such illogical semantics demonstrates the paucity of the allegation itself. Indeed, the stipulated facts specifically describe Adamic's distribution: "Adamic said he obtained the images of child pornography from sites on the Internet, *and that he traded,* via the Internet, nude images of minor females." E.R. 23 (emphasis added).[3] The most blatant and troublesome distribution occurred when he showed his daughters some of his child pornography. E.R. 20. Perhaps Adamic refers to the fact that the plea agreement specifically invokes the then-in-effect "trafficking" guideline, 2G2.2 instead of the since repealed 2G2.4 (possession) guideline. However, this was not an undisclosed fact — the 2G2.2 Guideline is expressly referenced in the plea agreement. E.R. 14-15. And most importantly, Adamic expressly told the court, after being advised *again*, in court, that 2G2.2 would be used because there was evidence that Adamic's conduct involved *distribution*, E.R. 32, that he understood what the Assistant U.S.Attorney had just stated. E.R. 33. Adamic's present protestations to the contrary are palpably meritless.[4]

   Adamic goes on to brief numerous, alleged deficiencies of counsel in advising him of the contents of the plea agreement, of belated or missed opportunities for meetings with counsel, and so forth. However, all of these allegations are directly inconsistent with Adamic's signed recognition that he had reviewed, read and understood the terms of the plea agreement and his sworn representations to the court that he had understood the just read essential terms of the plea agreement, including those which indicated that distribution evidence would be received. They are inconsistent with the fact that Adamic was expressly advised in court of the terms of the plea agreement. Adamic swore that he was satisfied with the advice given to him by his attorney

---

[3] At plea colloquy, Adamic wanted it known that he traded only one picture, not "plural." However, in for a penny, in for a pound. Adamic distributed child pornography whether it was one picture as he openly corrected/admitted, or several.

[4] At Adamic's request, he made known at the plea hearing that he had used the Internet, either through e-mail or online, to commit his offenses, but that he had not visited websites. All agreed that this distinction was inconsequential. E.R. 33-34.

concerning the plea agreement. Adamic simply does not get to cast aside these signed and sworn representations.[5]

Grounds two and three of the § 2255 motion are variations on the "undisclosed" theme, and fare no better than did his first claim filtered through ineffective assistance of counsel.

Ground four contains Adamic's Brady claim. A viable Brady claim may be grounds for voiding a waiver of appeal/§ 2255 motion. However, the claim here is nothing more than Adamic's speculation that because the government did not evidently use, or plan to use, evidence that it might have received through AOL or other sources, the government must therefore have hidden something valuable to Adamic. Adamic's Amended Brief at 30-31. Such is the sum total of the claim. Such rampant speculation does not state a viable Brady claim, nor does the speculation contain facts which would warrant discovery or an evidentiary hearing.[6] Campbell v. USDC (Nicolaus), 98 F.3d 1102, 1106 (9th Cir. 1996); Campbell v. Wood, 18 F.3d 662, 678 (9th Cir. 1993); United States v. Rewald, 889 F.2d 836, 860 (9th Cir. 1989).

In sum, Adamic's allegations are contrary to his sworn testimony and written agreements which he signed. Claim four is based on utter speculation. No evidentiary hearing is required, and the § 2255 motion should be dismissed because of a valid waiver of collateral review.[7]

---

[5] Further, at sentencing, counsel attempted to walk a fine line in arguing that there had not been distribution. However, counsel declared that he was not objecting to the findings in the presentence report, which, of course, referenced the stipulated facts. E.R. 53.

[6] At best, Adamic's claim is that the government could have produced better evidence of trafficking than it did at sentencing. Adamic's claim is hardly exculpatory.

[7] Because the undersigned has found a valid waiver of collateral review, the court will not review Adamic's claims on the merits. The whole purpose of the waiver is defeated if the court must analyze the merits of the claim in the alternative. Nor will the court expand the record, as the government requests, to include factual matter outside the record as if more evidence were needed to uphold the waiver. The record surrounding the plea agreement, plea colloquy, and sentencing contain more than sufficient evidence to uphold the waiver.

*Conclusion*

Accordingly, the undersigned recommends that Adamic's § 2255 motion be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/28/06

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
adam0430.fr